951 F.2d 349
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David D. HAYTCHER, et al., Plaintiffs-Appellees,
v.
ABS INDUSTRIES, INC.; Ashtabula Forge, Inc.; Ashtabula
Forge, A Division of ABS Industries, Inc.,
Defendants-Appellants.
 No. 91-3072.
 United States Court of Appeals, Sixth Circuit.
 Dec. 27, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 WELLFORD, Senior Circuit Judge.
 
 
 1
 This case involves a claim by former employees of defendant, ABS Industries, Inc. (ABS), that ABS is obligated to pay them $105 a month as a retirement benefit under a so-called "70/80 retirement" provision in a pension agreement. In a prior appeal in this case, six plaintiffs, ABS employees before plant closure, claimed these and other benefits under an ERISA plan, 29 U.S.C. §§ 1109 and 1132. In that proceeding, the district court granted summary judgment for defendant employer. We reversed that judgment and remanded "for proceedings consistent with [our] opinion." Haytcher v. ABS Industries, 889 F.2d 64, 69 (6th Cir.1989). We described the benefit sought in the first opinion as a "supplement to be paid to workers taking 70/80 retirement until [certain plaintiffs] are eligible for social security." Id. at 65.[1]
 
 
 2
 ABS, in letter to retirees dated May, 1987, stated that "over 60 annuitants are involved" in its intention to resume the $105 monthly payments to those former eligible employees. ABS contended in this suit, however, that it had a right to terminate the pension plan and that the limitation provisions in the plan precluded its continued liability after plant closure to plaintiffs, or other former employees. The district court agreed with this contention,[2] but this court reversed on appeal:
 
 
 3
 Because the contractual language of the pension agreement provides that the retirement supplement is to be paid regardless of termination of the agreement, and because the pension agreement supersedes the plan, the retirement supplement is an independent obligation which ABS is required to pay.
 
 
 4
 ... the May, 1987 letter from the president of ABS to all eligible retirees[ ] indicates that ABS indeed believed that such an obligation existed:
 
 
 5
 "Please be advised for all the reasons payments were made from November of 1982 through July of 1984, it is our intention to begin making payments again on May 1, 1987 until our obligation is complete."
 
 
 6
 We, therefore, conclude that plaintiffs are entitled to payment of the retirement supplement.
 
 
 7
 Id. at 68-69 (footnote omitted).
 
 
 8
 Upon remand to the district court, plaintiffs filed a motion to maintain a class action and to certify the class claims for the monthly pension supplement, and also sought a "permanent injunction without bond" to direct payment of the claimed monthly benefit amounts "pursuant to the judgment of the Sixth Circuit." Only two named plaintiffs, Dominic C. Saturday and William L. Smith, claimed eligibility to "represent the class of 70/80 retirees entitled to the benefit." Plaintiffs described the recipients of the $105 per month benefit as "individuals whose age and continuous service equaled eighty (80) or whose age and continuous service equaled seventy (70) to seventy-nine (79) and was [sic] at least fifty-five years old [who retired] upon permanent plant shutdown." See Plaintiffs' Memorandum in Support of Motion, n. 1. Defendants complaint that no notice was issued to putative class members (approximately sixty-one (61) individuals), and that no hearing was held on these motions which they opposed.
 
 
 9
 Plaintiffs claimed in the class action motion that all of the "explicit requirements ... of Rule 23(a) have been met,"[3] and also that "requirements of Rule 23(b)(2) have been fulfilled."[4] Plaintiffs conceded a "variable," the amount of damages involved. Defendants opposed both the motion to certify the class and the motion for a permanent injunction, contesting liability generally and seeking a new trial on this question. They also claimed that plaintiff, in reality, sought a preliminary injunction which was inappropriate and necessitated a bond, if the injunction issued. Further, defendants requested oral argument on these motions and a hearing on the motion for class certification.
 
 
 10
 The district court concluded properly, we believe, that we had held that the two eligible plaintiffs, who were then before us on the prior appeal, were entitled to payment of the monthly $105 retirement supplement. There was, therefore, no need to hold a further hearing on the question of liability as to Saturday and Smith, and others who stood in a similar position as retired employees meeting the "70/80 retirement" requirements. The district court also properly determined that numerosity, typicality, and commonality requirements of Rule 23(a) were met to certify the class. In addition, there appears to be no error, nor abuse of discretion, in the finding that plaintiffs' counsel were qualified and able to represent the class as a whole fairly. We find no error, therefore, in the class action determination and certification.
 
 
 11
 The question of injunctive relief is another matter, especially where there has been no hearing, or at least an opportunity for a stipulation concerning eligibility dates, cut-off dates, and information on the status of each of the eligible class members. Employee participants who are "eligible for public pension" have no entitlement to these monthly benefits. Id. at 65 (quoting pension agreement) (emphasis added). The meaning of this limitation is patently unclear. For example, does it apply to all persons at age 62 who may elect to receive social security benefits? Does the limitation apply to an employee participant who is eligible to receive a pension from another governmental source, including a military or military reserve payment? Does it apply to a spousal social security benefit recipient? Have all the potential benefits had "continuous" service with defendants? Some fourteen named persons on the purported eligibility list were hired in 1946 or before that date. Most of them would appear to be eligible for social security benefits, and perhaps other public pension benefits. Unfortunately, some may have died by 1990 when the plaintiffs sought injunctive relief.
 
 
 12
 In light of these uncertainties about the eligibility of recipients for the $105 monthly payments, and for the opportunity of the defendants to investigate such eligibility and the extent of their continuing liability, we conclude that the district court should have required a hearing to reach a preliminary determination before issuing a permanent injunction, the parameters of which are unclear and indefinite. We, therefore, stay the injunction pending opportunity for a prompt hearing to determine and settle individual eligibility questions of persons claiming to be members of the affected class. After such hearing, the district court may find it appropriate to declare further, specific injunctive relief setting out particular dates of eligibility for members of the class seeking benefits.
 
 
 13
 We AFFIRM the district court's determination, upon remand, on class action relief. We REVERSE and REMAND for a prompt hearing, consideration and determination of specific relief for individual class members, including injunctive relief, if and as appropriate.
 
 
 
 [1]
 The pension agreement provision states: "such increase [$105 per month] shall not be applicable with respect to such regular pension payable for any month for which the participant is eligible for public pension."
 
 
 [2]
 Both parties had filed motions for summary judgment on the record before the district court
 
 
 [3]
 Those requirements are: (1) Numerosity; (2) common questions; (3) plaintiffs' claims are typical; and (4) they will "fairly and adequately protect the interests of the class." Plaintiffs also claim that their counsel is qualified and that the interests of all class members are identical
 
 
 [4]
 Defendants acted on grounds applicable to the entire class, and relief is common and appropriate to the class as a whole